IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DJIBY NAM<br>P.O. Box 75669<br>Washington, D.C. 20013<br><br>Plaintiff,<br><br>v.<br><br>THE OLIVER CARR COMPANY,<br>1701 Pennsylvania Avenue, NW<br>Suite 300<br>Washington, D.C. 20006<br><br>Defendant. | )<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant The Oliver Carr Company ("OCC"), by counsel, gives notice to this Court, the Clerk of the Superior Court of the District of Columbia, and Plaintiff Djiby Nam of the removal of <u>Djiby Nam v. The Oliver Carr Company.</u>, Civil Action No. 06-009031, previously filed in the Superior Court of the District of Columbia (the "State Court Action"). In support, OCC states:

1. The State Court Action was commenced on December 21, 2006, by the Plaintiff's filing a Complaint in the Superior Court for the District of Columbia.

2. On or about January 15, 2007, OCC received a copy of the Complaint and Summons by express mail.

3. The State Court Action alleges one or more violations of federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, and a violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et seq.*

4. The State Court Action is an action over which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1331, supplemental jurisdiction under 28 U.S.C. § 1367, and is properly removable pursuant to 28 U.S.C. §§ 1441(a) and 1441(c) to the District Court of the United States embracing the place where such action is pending.

5. The United States District Court for the District of Columbia embraces the district in which the State Court Action is now pending.

6. The United States District Court for the District of Columbia is the proper court to which to remove the State Court Action.

7. In the State Court Action, OCC has been served with a Complaint, summons and an initial order. Undersigned counsel certifies that all pleadings filed and served to date are attached hereto and by reference made a part of this Notice of Removal.

8. This Notice of Removal is filed within 30 days of notice of the Plaintiff's filing of the Complaint in the Superior Court for the District of Columbia and is signed pursuant to the Federal Rules of Civil Procedure.

9. OCC will provide written notice of the filing of this Notice of Removal to the Plaintiff promptly after filing the same as required by law.

10. OCC will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court for the District of Columbia as provided by law.

WHEREFORE, OCC respectfully prays that the entire action be removed from the Superior Court for the District of Columbia to the United States District Court for the

District of Columbia as provided by law and asks this Court to make further orders as may be required for its determination.

Respectfully submitted,

THE OLIVER CARR COMPANY

By: _____
          Counsel

Susan F. Wiltsie, Esq. (Bar No. 429625)
Scot A. Hinshaw, Esq. (Bar No. 449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 955-1500
(202) 778-2201 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2007, the foregoing Notice of Removal was served by first-class, postage prepaid mail upon:

>Djiby Nam
>P.O. Box 75669
>Washington, DC 20013

_____

CA FORM 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N. W., Room JM-170
### Washington, D.C. 20001   Telephone: 879-1133

**PLAINTIFF / PRO SE**
Djiby Nam
P.O. Box 75669
Washington, DC 20013
(202) 841-3792

0009031-06

vs.                     CIVIL ACTION NO._____

**DEFENDANT**
The Oliver Carr Company,
C/O Jackson Lewis Schnitzer & Krupman
Attn: Thomas J. Sarisky
1156 15th Street, N.W., Suite 250
Washington, DC 20005

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff.   If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Djiby Nam
_____
/PRO SE
Name of Plaintiff's Attorney
P.O Box 75669
_____
Address
Washington, DC 20013
_____

Clerk of the Court

By _____
        Deputy Clerk
Date _____ DEC 21 2006

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM

Nam vs. The Oliver Carr Co 1

# SUPERIOR COURT OF THE DISTRCIT OF COLUMBIA
## CIVIL DIVISION

**PLAINTIFF / PRO SE**
Djiby Nam
P.O. Box 75669
Washington, DC 20013
(202) 841-3792

vs.                    CIVIL ACTION NO. _____0009031-06_____

**DEFENDANT**
The Oliver Carr Company,
C/O Jackson Lewis Schnitzer & Krupman
Attn: Thomas J. Sarisky
1156 15th Street, N.W., Suite 250
Washington, DC 20005


RECEIVED
Civil Clerk's Office
DEC 21 2006
Superior Court of the
District of Columbia
Washington D.C.

## COMPLAINT

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

2. This complaint is being filed under Title VII of the Civil Rights Act of 1964, the D.C. Human Rights Act, and the Age Discrimination Employment Act.

   Wherefore, Plaintiff demands judgment against Defendant for back pays, compensatory damages, punitive damages, malice, liquidated damage, job reinstatement, and promotion to banquet captain.

Phone: (202) 841-3792

Suing for over $300,000

DISTRICT OF COLUMBIA, SS

_____, being first duly sworn on oath deposes and says that the foregoing is just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

(Plaintiff / Agent)

Subscribed and sworn to before me this ____ day of _____ DEC 21 2006 20__

(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

**3. Fact:**

Plaintiff is Black, from Senegal, Africa, and is 51 years old. Plaintiff worked for 4 years for Defendant, as a waiter, under three (3) different General Managers, and over ten (10) Assistant Managers without a single problem. During those 4 years, Plaintiff did not have any disciplinary action in his employee file - not a single write up, nor even a verbal warning. Then came Kathy Kain, Defendant's newly hired General Manager, who for over seven months relentlessly labored to push Plaintiff out of the door, first through discriminatory practices against Plaintiff, and then through numerous retaliations in response to Plaintiff letters of grievances.

In addition, Plaintiff, throughout his 4 years of employment, won Defendant's "Employee of the Month" Contest, month after month, until Kathy Kain, Defendant's newly hired General Manager, put an end to the contest. The prizes consisted of numerous $100 gift certificates as well as dinners for two to fine dining restaurants around the city. The winner was based on quality service performance, customer satisfaction and Plaintiff ability to generate sales for Defendant.

**I. DISCRIMINATION**

First, Plaintiff is a member of a protected class, as he is Black, from Senegal, Africa, and is 51 years old. Second, the record shows that he is overly qualified for the position of Waiter. (1) Defendant decreased Plaintiff's work hours to favor other employees (United States); (2) on June 19, 2001, Plaintiff showed up about an hour late to work for his lunch shift. As a result, Defendant took disciplinary actions against him, a legitimate action. However, two (2) other Defendant's Employees (Whites, United States) had also showed up about an hour late, but no disciplinary actions were taken against them. (3)Defendant assigned Plaintiff either unfavorable or no seating arrangement to favor other Employees who are doubled and triple-seated, thus making more money as reflected in Plaintiff's $19.00 earning for the evening of February 9, 2002, compared to his Co-Workers' (United States) earning of $100.00 or more; (4) Defendant routinely pulled Plaintiff out of banquet functions when scheduled to replace him with Other Employees (Whites, United States); (5) Defendant failed to promote Plaintiff to Banquet Captain (twice), promoting instead lesser-experienced Employees (White, United States); (6) The very first action taken by Defendant's newly hired General Manager upon taking office was to demote a Black Banquet Captain and replaced her with a White one; (7) Defendant selectively enforced company policies against Plaintiff.

Defendant did not afford Plaintiff same Equal Employment Opportunities as its other Employees (United States), especially when: (1) Defendant decreased or cut Plaintiff's hours but not its other Employees' hours of equal seniority ranks; Despite Plaintiff's seniority rank, number 3 on the seniority list. Defendant began cutting his work hours in November 2001, to favor other waiters of less seniority and with less experience. This violated Defendant's policy that "cuts, lay offs, scheduling, and Banquet promotion are all done based on seniority," as noted in Plaintiff's letter of grievances dated November 20, 2001.

## II. HOSTILE WORK ENVIRONMENT / RACIAL HARASSMENT

From June 15, 2001 through February 23, 2002, the date he was terminated, Defendant subjected Plaintiff to racial harassment, derogatory name callings, thereby subjecting him to a hostile environment. The harassment continued even though Plaintiff complained to Defendant on numerous occasions, as the record will show. Moreover, Defendant's General Manager turned some of Plaintiff's Co-Workers against him, subjecting him to racial, ethnic, and other derogatory jokes. Plaintiff complained to Defendant about his behavior on numerous occasions but to no avail. These actions have disrupted Plaintiff employment.

Defendant's Employees harassed Plaintiff based on his race and/or ethnicity. First, Plaintiff is a member of a protected class, as he is Black, from Senegal, Africa, and 51 years old. Second, Plaintiff did not solicit nor did he invite such undesirable or offensive behaviors. Therefore, Defendant subjected Plaintiff to unwelcome harassment when: (1) one of Defendant's Waiters referred to Plaintiff's national origin, saying "I'll have to teach you how to use forks and knives too," on June 1 2001; (2) Defendant's bartender called Plaintiff a "cannibal on June 15, 2001, also calling Plaintiff a "man eater" and a "diseases carrier."; (3) on January 29, 2002, another one of defendant's Bartenders (American) based his refusal to serve Plaintiff a drink on Plaintiff's national origin, saying "You are from Africa, you have to wait;" (4) one of defendant's Bartenders remarked to Plaintiff "They don't like colored people. That's why customers are disappointed when they see a Black Waiter at their table;" (5) in referring to African taxicabs, one of defendant's waiters alluded to a "camel" and a "donkey" on February 1, 2001." Plaintiff deems the foregoing instances of harassment as based on membership in his protected class, specifically national origin (Senegal, Africa), but Plaintiff considers various instances when Defendant retaliated against him to be the most severe harassment, because these retaliations caused Plaintiff to be hospitalized for a chronic depression. These types of behavior took place because Defendant allowed them to happen. And despite the fact that Defendant's Harassment Policy dictates that Defendant "shall investigate complaints of harassment," not a single investigation took place in response to any of Plaintiff's written or verbal complaints, dating back from June 15, 2001 to February 11, 2002.

## III. RETALIATION

Defendant discriminated and retaliated against Plaintiff when: (1) Defendant repeatedly responded to Plaintiff's letters of grievances with "counseling sessions," which the record shows are nothing short of retaliatory actions.

First, Plaintiff engaged in a protected activity on several occasions. Most notably, Plaintiff engaged in a protected activity when he apprised Defendant's Management of an incident that occurred (2) on June 15, 2001, via a letter dated the same day, regarding one of Defendant's Bartender's failure to serve him drinks for his customers; (3) On both June 29, 2001 and February 5, 2005, Plaintiff met with Defendant in what Defendant

01/16/2007 09:38 IFAX scanner@otcarr.com → Pat  Case 1:07-cv-00257-RJL  Document 1-2  Filed 02/02/2007  Page 5 of 6  ☐006/007

Nam vs. The Oliver Carr Co 4

called "counseling sessions" to discuss gross disparities in the enforcement of Defendant's Policies, as well as a working environment that Plaintiff increasingly regarded as hostile; (4) Further, on October 31, 2001, Plaintiff complained to Defendant's Management Official regarding his schedule; (5) On February 9, 2002, Plaintiff submitted a note to Defendant to complain about Defendant's failure to seat his station the same as Defendant's other stations, submitting a letter regarding this grievance on the following day, February 10, 2002; (6) Plaintiff filed a complaint with the DC Office of Human Rights in February 2002.

Second, Defendant took adverse action against Plaintiff in the following instances. Defendant either assigned Plaintiff unfavorable seating or no seating at all. Defendant's Employees who are double and triple-seated make more money than Plaintiff, due to more tips, as reflected in Plaintiff's $19.00 earning in tips for the evening of February 9, 2002, compared to his Co-Workers' (Whites, American), whom Defendant double and triple-seated, earnings of $100.00 or more for that evening. Moreover, in November 20, 2001 letter to Defendant, Plaintiff complained that Defendant cut or decreased his work hours. In all of the above instances, Plaintiff establishes that Defendant deprived Plaintiff of a privilege of employment, namely the opportunity to increase his salary via tips, work hours, and/or a promotion. Lastly, Defendant took adverse action against Plaintiff when it terminated his employment on February 23, 2002, thus not affording Plaintiff the benefits of future employment with respondent.

Third, Plaintiff establishes the inference of a causal connection between writing his letters of grievance and the adverse action(s) above.

## IV. AGE DISCRIMINATION

First, Plaintiff is a member of protected class, as he 51 years old. Second, the record shows that he is overly qualified for the position of Waiter. Specifically, Defendant cut Plaintiff's work hours to favor younger waiters; Defendant preferred younger waiters, giving them favorable seating arrangement as well as favorable station assignments, to the detriment of Plaintiff; (1) on February 9th, 2002, Plaintiff made $19.00, compared to younger workers, whom Defendant double and triple-seated, earning $130.00 to $180.00; (2) on February 19, 2002, Plaintiff made $83.00, compared to younger workers who made $160 and plus; (3) on February 21, 2002, Plaintiff made $70.00, compared to younger workers who went home with $150.00 and plus; (4) on February 23, 2002, Plaintiff made $42.35, compared to younger workers who made $140.00 and more, three times as much; (5) Defendant bypassed Plaintiff twice and promoted instead two younger waiters with less experience to banquet captains, thereby denying Plaintiff the opportunities to make $75,000 a year, as opposed to $30,000, which Plaintiff made as a simple waiter.

Second, since older staff cost more in salary and in subsidized insurance coverage, Defendant engaged in a systematic campaign to cut cost by firing or retiring the senior staff, or by pushing them out the door through harassment and intimidation in order to balance the books. For instance, the followings have been corroborated:

01/16/2007 09:38 IFAX scanner@otcarr.com -> Pat
Case 1:07-cv-00257-RJL   Document 1-2   Filed 02/02/2007   Page 6 of 6
☑007/007

Nam vs. The Oliver Carr Co 5

(1) Alice, 66 years old, served as hostess for 10 years with the company before being retired and replaced by a newly hired employee. (2) Thomas, 46 years old, a bus boy for more than 10 years, was pushed out and replaced by a newly hired employee. (3) Djiby Nam, 51 years old, a waiter for 5 years, was fired and replaced by a newly hired employee. (4) Lindly, 51 years old, the head waitress for 16 years, without a single write up on her file, yet in less than 3 months, after taking over, Defendant's newly hired General Manager collected the three necessary write-ups to justify her termination, which Defendant used to force her to agree not to testify on Plaintiff's behalf in his complaint with the DC Office of Human Rights (OHR).

**V. SELESCTIVE ENFORCEMENT OF COMPANY POLICIES**

Plaintiff was written up for a no show at time of schedule on June 19, 2001, and on February 23, 2002, and then fired based on these infractions. However, others Defendant's Employees, White Americans, did not receive the same disciplinary actions when they committed the same infraction. Specifically, (1) on June 19, 2001, Willy Copsey, White American, and Herman Blanco, also White American, failed to show up to work at time scheduled, being more than 45 minutes late, but Defendant did not write them up; (2) on August 22, 2001, Herman Blanco, White American, again failed to report for the start of his scheduled shift, No call, No show, an hour and a half late, representing his second occurrence in two months, but Defendant did not write him up; (3) on December 12, 2001, James Corbin, White American, failed to report for the start of his scheduled shift, No call, No show, an hour late, but Defendant did not write him up; (4) on December 31, 2001, Collins, White American, failed to report for the start of his shift, No call, No show, did not show up or call at all, but Defendant did not fire him, due to a conflict of interest; (5) on April 22, 2002, Carlos Silva, White American, failed to report for the start of his shift, No call, No show, did not show up or call at all, thinking that he was off, but Defendant did not write him up; (6) in July of 2002, Bobby Allison, White American, failed to report for the start of his shift, No call, No show, did not show up or call at all, but Defendant rehired him after being fired by Catering Director, due to a conflict of interest; (7) on October 14, 2002, Nelson Arias, White American, failed to report for the start of his shift, No call, No show, did not show up or call at all, but Defendant did not writ him up, due a conflict of interest. These are examples of similarly situated employees, but treatment is massively different, due to Defendant selective enforcement of company policies.

Second, Plaintiff was fired for 3 absences in 5 years, one of which was doctor-sanctioned, due to injury on the job, but others Employees, White Americans, such as Charles, Willy, Herman, Lindly, just to name a few, had much more absences than Plaintiff, but were not fired for the same offenses.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DJIBY NAM
Vs.
THE OLIVERCARR COMPANY

C.A. No.     2006 CA 009031 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MARY A TERRELL
Date: December 21, 2006
Initial Conference: 9:15 am, Friday, April 13, 2007
Location: Courtroom 219
  500 Indiana Avenue N.W.
  WASHINGTON, DC 20001

Caio.doc

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Djiby Nam | The Oliver Carr Company |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Pro Se | Susan F. Wiltsie<br>Scot A. Hinshaw<br>Hunton & Williams LLP<br>1900 K Street, NW Suite 1200<br>Washington, D.C. 20006 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ⦿ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ○ 1 Original Proceeding
- ⦿ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC Sec. 2000e and 29 USC Sec. 621 - Plaintiff alleges employment discrimination based on race, national origin and age

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ Nonspecific    Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 1/31/07    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

  I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

  III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

  IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

  VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

  VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.