**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DJIBY NAM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-cv-00257 (RJL) |
| ) | |
| v. ) | |
| ) | |
| THE OLIVER CARR COMPANY, ) | |
| ) | |
| Defendant. ) | |

**THE OLIVER CARR COMPANY'S MOTION TO DISMISS**
**AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Fed. R. Civ. P. 12(b) and LCvR 7, Defendant The Oliver Carr Company ("OCC"),[1] by counsel, hereby respectfully requests this Court dismiss Plaintiff Djiby Nam's Complaint in its entirety for (1) insufficiency of process and (2) insufficiency of service of process.  The Plaintiff's Complaint and summons in this case were neither properly directed at OCC nor properly served on OCC as required by the Federal Rules and the Rules of the District of Columbia.  The Plaintiff's process (the summons) is improper because it is directed at a person not an officer of OCC or otherwise authorized by law to accept service on behalf of OCC.  The Plaintiff's insufficient process was then served at a different location than that listed in the summons, also not the business offices of OCC, and delivered to and signed by a person not an officer or other appropriate agent with apparent or actual authority to accept service.  As such, the Plaintiff's Complaint should be dismissed, and this Court should direct the Plaintiff to refile his Complaint to effect proper process and service of process.

---

[1] OCC reserves its right to dispute that it is the proper defendant in this matter because it was not the Plaintiff's employer.

In further support of this Motion, OCC states as follows:

1. The Plaintiff filed his Complaint in the Superior Court for the District of Columbia on December 21, 2006. The Plaintiff's summons was issued for "The Oliver Carr Company, C/O Jackson Lewis Schnitzer & Krupman, Attn: Thomas J. Sarisky, 1156 15th Street, N.W., Suite 250, Washington, DC 20005." (*See* summons, attached hereto as Exhibit A). The address listed on the summons is not and never has been the business address of OCC. (*See* Affidavit of Pat Gross, attached hereto as Exhibit B, at ¶¶ 1, 2) Moreover, OCC has never authorized Jackson Lewis Schnitzer & Krupman or Thomas J. Sarisky to accept service of process in this or any other matter. (Id. at ¶ 2) That law firm also has no apparent authority since it was only retained for a limited purpose and never retained as general outside counsel for OCC. (Id.)

2. Despite the who the Plaintiff's summons was directed to, on January 15, 2007, the Complaint and summons were delivered by express mail to 1475 Pennsylvania Avenue, NW, Washington, D.C. (*See* Gross Affidavit, Ex. B, at ¶¶ 3, 4). OCC has no corporate offices at that address. (Id. at ¶ 3) Instead, it is the address of The Occidental Restaurant, which is owned and operated by Pershing & Associates and where the Plaintiff used to work. (Id. at ¶¶ 3, 4) The express mail package was not addressed to an OCC company officer or agent of any kind. (Id.) No one at that location has the apparent or actual authority to sign for or accept service of anything on behalf of OCC. (Id.)

3. Federal Rule of Civil Procedure 4(a) requires that a summons "be directed to the defendant." This is a separate requirement from the mere identification of the parties, which is also required. Federal Rule of Civil Procedure 4(h) requires service of

process upon a corporation be delivered to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service or process…"[2]

4.  The Plaintiff's failure to follow F.R.C.P. 4 is two-fold. First, although the Plaintiff's summons identifies OCC by name, it is not "directed to" OCC. It is improperly directed to Mr. Sarisky, who is not an agent of OCC. Thus, process is insufficient to the extent that it is directed to the wrong entity, person and address. This is a violation of F.R.C.P. 4(a).

5.  Second, although the Plaintiff's Complaint and summons listed Mr. Sarisky and his address, which is not the address of any OCC offices, the Complaint and summons were actually served at a different address and directed to no specific "officer, a managing or general agent." The address served with the Complaint and summons is not a business office of OCC, and there is no individual at the address who is authorized to accept such service on behalf of OCC. (*See* Gross Affidavit, Ex. B at ¶¶ 3, 4). Thus, the Plaintiff has also failed to effectuate sufficient service of process in violation of F.R.C.P. 4(h). *See, e.g.,* Kopff v. World Research Group, LLC, 298 F. Supp. 2d 50 (D.D.C. 2003) (service insufficient where proof of service failed to identify person receiving complaint was proper person to accept service under Super. Ct. R. Civ. P. 4(h)(1)); McLaughlin v. Fidelity Sec. Life Ins., 667 A.2d 105 (D.C. App. 1995) (an agent's authority to accept service cannot be implied from agent's position); Larry M. Rosen & Assocs. v. Hurwitz, 465 A.2d 1114 (D.C. App. 1983) (receptionist authorized to sign for and open all mail is not necessarily authorized to accept service of process).

---

[2] Under F.R.C.P 4(h)(1) and F.R.C.P. 4(e)(1), service can be made pursuant to the law of the state in which the district court is located. Here, District of Columbia Superior Court Rule of Civil Procedure 4 has the same relevant language as the Federal Rules.

3

6.  Thus, the Plaintiff's Complaint should be dismissed for insufficiency of process and service of process, and this Court should direct the Plaintiff to refile his Complaint and effect proper process and service of process upon OCC.

WHEREFORE, OCC respectfully requests this Court find insufficient process and service of process and dismiss the Plaintiff's Complaint.

                        Respectfully submitted,

                        THE OLIVER CARR COMPANY


                        By:   /s/ Scot A. Hinshaw
                              Counsel

Susan F. Wiltsie, Esq. (Bar No. 429625)
Scot A. Hinshaw, Esq. (Bar No. 449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 955-1500
(202) 778-2201 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February, 2007, the foregoing The Oliver Carr Company's Motion to Dismiss and Points and Authorities In Support Thereof and draft Order were served by first-class, postage prepaid mail:

>Djiby Nam
>P.O. Box 75669
>Washington, DC 20013


       /s/ Scot A. Hinshaw

# Exhibit 1

CA FORM 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N. W., Room JM-170
### Washington, D.C. 20001   Telephone: 879-1133

**PLAINTIFF / PRO SE**
Djiby Nam
P.O. Box 75669
Washington, DC 20013
(202) 841-3792

0009031-06

vs.                             CIVIL ACTION NO._____

**DEFENDANT**
The Oliver Carr Company,
C/O Jackson Lewis Schnitzer & Krupman
Attn: Thomas J. Sarisky
1156 15th Street, N.W., Suite 250
Washington, DC 20005

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff.   If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Djiby Nam_
/ **PRO SE**
Name of Plaintiff's Attorney
_P.O. Box 75669_
Address
_Washington, DC 20013_

Clerk of the Court

By _____
Deputy Clerk
Date _____

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DJIBY NAM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-cv-00257 (RJL) |
| ) | |
| v. ) | |
| ) | |
| THE OLIVER CARR COMPANY, ) | |
| ) | |
| Defendant. ) | |

### AFFIDAVIT OF PATSY GROSS

I, Patsy Gross, depose and state as follows based on my personal knowledge:

1. I am the Treasurer and Controller of The Oliver Carr Company ("OCC"). OCC's corporate offices are located at 1701 Pennsylvania Avenue, NW, Suite 300, Washington, D.C. 20006.

2. OCC has never had offices at 1156 15th Street, NW, Suite 250, Washington, D.C. 20005. Those were the offices of Thomas J. Sarisky of Jackson Lewis Schnitzer & Krupman. Neither Mr. Sarisky nor Jackson Lewis Schnitzer & Krupman were ever authorized to accept service of a lawsuit on behalf of OCC. The law firm of Jackson Lewis Schnitzer & Krupman was retained by the insurance company that covered Pershing & Associates, doing business as The Occidental Restaurant, for a limited legal purpose and has not been generally retained as outside counsel for OCC.

3. OCC also does not have any corporate offices at 1475 Pennsylvania Avenue, NW, Washington, D.C. That is the location of The Occidental Restaurant, where Djiby Nam used to work. The Occidental Restaurant is owned and operated by the corporate entity, Pershing & Associates. Pershing & Associates is a partnership, and OCC is a general and limited partner. However, OCC does not have any agents located

at The Occidental Restaurant with the authority to accept service of a lawsuit on OCC's behalf.

    4.    On January 15, 2007, an express mail package from Mr. Nam was delivered to The Occidental Restaurant and signed for by someone whose signature I presently cannot identify. I have attached to this affidavit at Tab 1 a copy of the express mail package label that I received from The Occidental Restaurant. No matter whose signature it is, no one at The Occidental Restaurant is an officer, manager, general agent, or an authorized individual of any sort to accept service of a lawsuit on behalf of OCC.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing affidavit, consisting of two pages and an attachment, is true and correct. Executed on February 5, 2007.

_____
Patsy Gross

# Tab 1



**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DJIBY NAM, | ) |
| | ) |
|     Plaintiff, | )    Civil Action No. 07-cv-00257 (RJL) |
| | ) |
| v. | ) |
| | ) |
| THE OLIVER CARR COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Upon consideration of Defendant The Oliver Carr Company's Motion to Dismiss, and all arguments in support and opposition thereto, it is hereby,

**ORDERED**, **ADJUDGED** and **DECREED** that the Defendant's Motion is **GRANTED**, and it is further

**ORDERED, ADJUDGED** and **DECREED** that the Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** to refile and provide sufficient process and service of process upon the Defendant.

So ordered.

This ___ day of _____, 2007

 

_____
The Honorable Richard J. Leon
United States District Judge