IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DJIBY NAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-cv-00257 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| THE OLIVER CARR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**THE OLIVER CARR COMPANY'S REPLY**
**BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

The Plaintiff's Opposition to Defendant The Oliver Carr Company's ("OCC's")[1] motion to dismiss ("OCC's Motion") fails to address the merits of OCC's insufficiency of process and insufficiency of service of process claims. The Plaintiff only rehashes for the Court that he attempted to serve the Complaint and summons on several individuals. OCC does not dispute that the Plaintiff tried to serve other people and entities with his Complaint. The problem is that the Plaintiff never served the Complaint at the current address of OCC and no one who was served with a copy of the Complaint was authorized by OCC to accept service on its behalf. In short, the Plaintiff makes no showing that he complied with FED. R. CIV. P. 4. Thus, OCC's Motion must be granted.

The Plaintiff argues that his complaint and summons were served upon Mary Johnson at Tishman Speyer Property Management and Anna McMaster at the Occidental Restaurant. Neither of these facts cure the Plaintiff's failure of process and service. By

---

[1] The Plaintiff's confusion regarding the proper service of the Complaint may arise because he has sued the wrong party. OCC was never the Plaintiff's employer and reserves its right to dispute, at an appropriate time, that it is the proper defendant in this matter.

the Plaintiff's own representation, Ms. Johnson is at Tishman Speyer Property Management, not OCC. Plaintiff makes the conclusory statement that the company is "authorized to accept all OCC's mail" and "had authority to accept service." His conclusion is unsupported and a *non sequitur*. There is no evidence that Ms. Johnson is authorized to accept any of OCC's mail, only that she happened to do so here. Nonetheless, such authority does not translate into authorization to accept service under FED. R. CIV. P. 4. *See* Byrd v. District of Columbia, 230 F.R.D. 56, 59 (D.D.C. 2005) (noting that service of process not effective upon individual not specifically designated to accept service, even if individual generally signs for and opens mail) (citations omitted). Moreover, as laid out in OCC's Motion, Mary Johnson accepted service at a location that is not OCC's office.

The Plaintiff's assertion that Ms. McMaster was served at Occidental Restaurant has the same failing as his prior attempt to serve the Complaint and summons at that location. OCC has neither any corporate offices at that location nor any individual with apparent or actual authority to accept service on behalf of OCC. (*See* Affidavit of Patsy Gross, ¶¶ 3, 4, attached to OCC's Motion). Thus, his argument regarding Ms. McMaster provides no support to his opposition.

The Plaintiff also argues that his process (the summons) is appropriate because "Jackson Lewis Schnitzer & Krupman or Thomas J. Sarisky has been defending OCC since February of 2002 against charges of discrimination filed by the Plaintiff with the Office of Human Rights." No support exists for a claim that a party's attorney at the administrative phase of a case is authorized, without the consent of the party, to accept service of a lawsuit. Here, proper process and service of process under FED. R. CIV. P. 4

2

controls and does not permit service upon counsel representing a party before an administrative party that is not authorized to accept service of civil complaint. *See* McLaughlin v. Fidelity Security Life Insurance, 667 A.2d 105, 106 (D.C. 1995) (finding in order to be effective service, agent must be authorized to bind his principal to accept service and authority to accept cannot be demonstrated by the extra-judicial statements of that attorney).

Moreover, the Plaintiff admits that service upon Jackson Lewis Schnitzer & Krupman and an address of 1850 K Street, NW, Suite 500, Washington, DC, were both "returned" and "unclaimed." Clearly, the Plaintiff did not "direct" his summons to a proper address for OCC. *See* FED. R. CIV. P. 4(a). The website for Jackson Lewis Schnitzer & Krupman lists no office in DC and does not list Mr. Sarisky as an attorney at the firm. See http://www.jacksonlewis.com/offices/default.cfm (listing of lawfirm offices containing no DC office ) and http://www.jacksonlewis.com/attorneys/default.cfm (listing of lawfirm attorneys).

As Plaintiff points out, undersigned counsel called the Plaintiff after obtaining the Complaint and summons he mailed to the Occidental Restaurant. Before analyzing the propriety of the Plaintiff's process and service, undersigned counsel was concerned about the date of service[2] and left a telephone message with the Plaintiff about the possibility of an extension of time. Thereafter, counsel had an opportunity to evaluate the appropriateness of service and determined that the Plaintiff had not complied with Rule 4. The Plaintiff acknowledges that he did not return the call. Thus, his speculation as to

---

[2] Since Plaintiff's papers were not served at OCC's offices, they took a significant period of time to get to OCC.

3

what OCC counsel intended to accomplish by conferring with him is entitled to no weight.

    WHEREFORE, OCC's Motion to Dismiss should be granted.

                                        Respectfully submitted,

                                        THE OLIVER CARR COMPANY

                                        By:   /s/ Scot A. Hinshaw
                                                        Counsel

Susan F. Wiltsie, Esq. (Bar No. 429625)
Scot A. Hinshaw, Esq. (Bar No. 449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 955-1500
(202) 778-2201 (facsimile)

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March, 2007, the foregoing The Oliver Carr Company's Reply Brief In Support of Its Motion to Dismiss was served by first-class, postage prepaid mail:

>Djiby Nam
>P.O. Box 75669
>Washington, DC 20013


        /s/ Scot A. Hinshaw