**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DJIBY NAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-CV-00257 |
| | ) |
| THE OLIVER CARR COMPANY, | ) |
| | ) |
| Defendant. | ) |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to this Court's Order dated May 31, 2007, Plaintiff Djiby Nam ("Plaintiff") and Defendant The Oliver Carr Company ("Defendant") submits the following joint meet and confer statement and proposed scheduling order. Pursuant to LCvR 16.3 and F.R.C.P. 26(f), the Plaintiff, pro se, and counsel for the Defendant conferred by telephone on June 13, 2007 and discussed the claims, defenses, substitution of parties, possibilities of settlement, trial before a magistrate judge, the disclosures by Rule 26(a)(1), and a discovery plan.  The parties state the following:

1.      Summary Facts:  The Plaintiff claims that he was subjected to discriminatory practices at work, retaliated against and terminated based on his race (Black), national origin (Senegal, Africa), and his age (51).

The Defendant claims that it was not the Plaintiff's employer, but upon information and belief, the Plaintiff was treated in his employment without regard for any protected characteristic, not retaliated against, and discharged from employment for legitimate, nondiscriminatory reasons.

2.      Plaintiff's Claims:  The Plaintiff, pro se, has set forth in his Amended Complaint claims under Title VII of the Civil Rights Act of 1964, the District of Columbia Human Rights

Act and the Age Discrimination in Employment Act related to his employment at The Occidental Restaurant

    3.    <u>Defenses</u>:  The Defendant denies that the Plaintiff can establish jurisdiction for his DCHRA claim, denies the Plaintiff's claims of discrimination and denies that it was the employer of the Plaintiff.  The Defendant has set forth various other defenses to the Plaintiff's claims in its answer.

    4.    <u>Amendments/Joinder</u>:  The Defendant seeks to substitute Pershing & Associates, also represented by undersigned defense counsel, as the real party in interest in this case.  The Plaintiff is unwilling to substitute Pershing & Associates for The Oliver Carr Company but is willing to add it as an additional party.  The parties agree that the deadline for filing a related motion to substitute defendants will be July 6, 2007.

    5.    <u>Initial Disclosures</u>:  The parties agree that initial disclosures will be provided no later than July 6, 2007.

    6.    <u>Consent to Magistrate Judge</u>:  At this point, the parties do not agree to the assignment of this case to a magistrate judge.

    7.    <u>Settlement Possibilities</u>:  The parties have not discussed settlement and do not believe such discussions would be helpful at this stage.  The parties plan to engage in ADR/Mediation with a magistrate judge after the close of discovery.

    8.    <u>Discovery Limits</u>:  The parties agree to the limit on discovery as provided in the Federal Rules of Civil Procedure, but reserve the right to seek leave of court to exceed these limits if there are reasonable grounds to do so.

    9.    <u>Discovery Cutoff</u>: The Plaintiff suggests discovery close in 90 days.  The Defendant suggests a discovery close of December 13, 2007 due to the need for briefing,

argument and decision on a motion to substitute the proper defendant into the case. The defendant also suggests this discovery cut off due to the discovery needed for the Plaintiff's detailed claims.

10. <u>Expert Disclosures</u>:  The Plaintiff does not anticipate having any experts.  In the event either party decides to use an expert, information pursuant to Rule 26(a)(2), if any, will be provided as follows:

- The proponent's reports are due by October 15, 2007.
- Responding expert witness reports are due by November 15, 2007.

11. <u>Protective Order</u>:  The parties do not see the need for a protective order at this time.  Should a party later decide to seek a protective order, it will submit a proposed protective order in sufficient time that any dispute may be resolved by the Court without delaying substantive responses to discovery requests.

12. <u>Electronically Stored Information (ESI)</u>:  The parties discussed the handling and disclosure of ESI in this case.  Both parties agree that limited ESI, if any, exists in this case.  Thus, the parties agreed that any responsive ESI in discovery may be printed from a regularly stored format and produced as such.

A Proposed Joint Scheduling Order is attached hereto.

Respectfully submitted,

| | |
|---|---|
|    /s/ Djiby Nam (w/ permission)    |    /s/ Scot A. Hinshaw    |
| Djiby Nam | Susan F. Wiltsie (# 429625) |
| P.O. Box 75669 | Scot A. Hinshaw (# 449723) |
| Washington, DC 20013 | HUNTON & WILLIAMS LLP |
| (202) 841-3792 | 1900 K Street, N.W. |
| | Washington, D.C. 20006 |
| *Pro Se Plaintiff* | 202-955-1500 |
| | 202-778-2201 (facsimile) |
| | |
| | *Counsel for Defendant* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DJIBY NAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-CV-00257 |
| | ) |
| THE OLIVER CARR COMPANY, | ) |
| | ) |
| Defendant. | ) |

**JOINT PROPOSED SCHEDULING ORDER**

It is hereby **ORDERED** that the following deadlines shall apply to this case:

| | |
|---|---|
| Amendments/Joinder/Substitution | July 6, 2007 |
| Initial Disclosures | July 6, 2007 |
| Proponent's Expert Report | October 15, 2007 |
| Opponent's Expert Report | November 15, 2007 |
| Discovery Deadline | December 13, 2007 |
| Dispositive Motions Due | January 14, 2007 |
| Opposition to Dispositive Motions | February 13, 2007 |
| Reply to Dispositive Motions | February 20, 2007 |
| Pre-trial Conference | 30 days after ruling on dispositive motions |
| Trial | TBD |

So ordered.

This ___ day of June, 2007

_____
The Honorable Richard J. Leon
United States District Court Judge