IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DJIBY NAM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-cv-00257 (RJL) |
| ) | |
| v. ) | |
| ) | |
| THE OLIVER CARR COMPANY, ) | |
| ) | |
| Defendant. ) | |

**THE OLIVER CARR COMPANY'S MOTION TO JOIN AND
SUBSTITUTE PERSHING ASSOCIATES AS A DEFENDANT
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Fed. R. Civ. P. 17, 19 and LCvR 7, Defendant The Oliver Carr Company ("OCC"), by counsel, hereby respectfully requests this Court join Pershing Associates ("Pershing") as the proper defendant in this case and substitute it for OCC, dismissing OCC from this action. The Plaintiff has brought a case involving various allegations of employment discrimination under both Title VII of the Civil Rights Act of 1964 and the District of Columbia Human Rights Act ("DCHRA"). The Plaintiff's employer, The Occidental Restaurant, is owned and operated by Pershing. OCC has never been the Plaintiff's employer. Due to its corporate relationship, Pershing is aware of the Plaintiff's claims, prepared to defend against them and consents to joining and being substituted in this action as the proper defendant. Thus, no prejudice will result to the Plaintiff by granting this Motion.

In further support of this Motion, OCC states as follows:

1. The Plaintiff filed his Complaint in the Superior Court for the District of Columbia on December 21, 2006. The Plaintiff filed an Amended Complaint ("Complaint") on March 9, 2007. In the Complaint, the Plaintiff alleges various

discriminatory acts he alleges he suffered while employed as a waiter based on his race, age and national origin. (Complaint, "Fact" Section, ¶ 1). All of the Plaintiff's claims are employment related.

    2.    The restaurant where the Plaintiff worked as a waiter was The Occidental Restaurant. (Affidavit of Patsy Gross, dated February 5, 2007, ¶ 3, attached as Exhibit A). That restaurant is owned and operated by Pershing. (Id.) Pershing is a partnership, and OCC is merely a general and limited partner. (Id.)

    3.    Fed. R. Civ. P. 19 provides, in part, that:

> **(a) Joinder of Persons Needed for Just Adjudication**. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party….

    4.    Here, Pershing was the actual employer of the Plaintiff and is necessary to the action in order to protect its interests, which are clearly implicated. Pershing is necessary as a practical matter to the litigation because it employed the managers the Plaintiff alleges took various discriminatory actions against him. Joining Pershing will not prevent this Court's jurisdiction over the matter. Pershing is also represented by undersigned counsel and consents to being joined.

    5.    Fed. R. Civ. P. 17(b) states, in part, "[t]he capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the

law of the individual's domicile." Federal and District of Columbia employment law allows an employee to sue an employer for discrimination. However, the employer or person must actually have taken the employment actions against the Plaintiff for it to be a proper party. In his papers, the Plaintiff admits that he was employed at The Occidental Restaurant. (*See generally*, Djiby Nam's Arguments in Opposition to the Oliver Carr Company's Motion to Dismiss and Points in Support Thereof, dated February 2, 2007). The Plaintiff does not claim that any employee of OCC took any discriminatory action against him.

6.     The Plaintiff further admits in his papers "[t]he Occidental Restaurant is part of the Oliver Carr Company's real state (sic) empire, is run by Mr. Dick Carr and operated by Pershing Association (sic)." (Id. at ¶ 2) While OCC does not dispute that it has a financial interest in Pershing, OCC neither operates The Occidental Restaurant nor employed the Plaintiff.

7.     Fed. R. Civ. P. 17(b) and SCR-Civil 17(b) provide that a partnership has the capacity to be sued to enforce a substantive right existing under the laws of the United States and the District of Columbia. Here, the Plaintiff asserts substantive rights under Title VII and the DCHRA. Pershing has the capacity to be sued for such allegations. Moreover, since Pershing will be immediately substituted as the proper defendant in this action, no prejudice or delay will result to the Plaintiff's action.

8.     Because OCC was not the Plaintiff's employer and pursuant to Fed. R. Civ. P. 17 and 19, Pershing should be substituted for OCC as the real defendant in interest.

WHEREFORE, for the foregoing reasons, OCC respectfully requests that this Court join and substitute Pershing as the defendant in this matter, dismissing OCC.

**CERTIFICATION PURSUANT TO LCvR 7(m)**

Undersigned counsel hereby certifies that he conferred with Plaintiff Djiby Nam, pro se, by telephone regarding this motion and made a good-faith effort to obtain Plaintiff's consent to this motion. While Plaintiff does not oppose joining Pershing, he does oppose substitution for OCC, dismissing it from the action.

                                                Respectfully submitted,

                                                THE OLIVER CARR COMPANY

                                                By:   /s/ Scot A. Hinshaw
                                                            Counsel

Susan F. Wiltsie, Esq. (Bar No. 429625)
Scot A. Hinshaw, Esq. (Bar No. 449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 955-1500
(202) 778-2201 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July, 2007, the foregoing The Oliver Carr Company's Motion to Join and Substitute Pershing Associates As A Defendant and Points and Authorities In Support Thereof and draft Order were served by first-class, postage prepaid mail:

>Djiby Nam
>P.O. Box 75669
>Washington, DC 20013

                                                /s/ Scot A. Hinshaw

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DJIBY NAM, | ) |
| | ) |
| Plaintiff, | )  Civil Action No. 07-cv-00257 (RJL) |
| | ) |
| v. | ) |
| | ) |
| THE OLIVER CARR COMPANY, | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT OF PATSY GROSS

I, Patsy Gross, depose and state as follows based on my personal knowledge:

1. I am the Treasurer and Controller of The Oliver Carr Company ("OCC"). OCC's corporate offices are located at 1701 Pennsylvania Avenue, NW, Suite 300, Washington, D.C. 20006.

2. OCC has never had offices at 1156 15th Street, NW, Suite 250, Washington, D.C. 20005. Those were the offices of Thomas J. Sarisky of Jackson Lewis Schnitzer & Krupman. Neither Mr. Sarisky nor Jackson Lewis Schnitzer & Krupman were ever authorized to accept service of a lawsuit on behalf of OCC. The law firm of Jackson Lewis Schnitzer & Krupman was retained by the insurance company that covered Pershing & Associates, doing business as The Occidental Restaurant, for a limited legal purpose and has not been generally retained as outside counsel for OCC.

3. OCC also does not have any corporate offices at 1475 Pennsylvania Avenue, NW, Washington, D.C. That is the location of The Occidental Restaurant, where Djiby Nam used to work. The Occidental Restaurant is owned and operated by the corporate entity, Pershing & Associates. Pershing & Associates is a partnership, and OCC is a general and limited partner. However, OCC does not have any agents located

at The Occidental Restaurant with the authority to accept service of a lawsuit on OCC's behalf.

4. On January 15, 2007, an express mail package from Mr. Nam was delivered to The Occidental Restaurant and signed for by someone whose signature I presently cannot identify. I have attached to this affidavit at Tab 1 a copy of the express mail package label that I received from The Occidental Restaurant. No matter whose signature it is, no one at The Occidental Restaurant is an officer, manager, general agent, or an authorized individual of any sort to accept service of a lawsuit on behalf of OCC.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing affidavit, consisting of two pages and an attachment, is true and correct. Executed on February 5, 2007.

_____
Patsy Gross

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DJIBY NAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-cv-00257 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| THE OLIVER CARR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Upon consideration of Defendant The Oliver Carr Company's Motion to Join and Substitute Pershing Associates As A Defendant and Points and Authorities in Support Thereof, and all arguments in support and opposition thereto, it is hereby,

**ORDERED**, **ADJUDGED** and **DECREED** that the Defendant's Motion is **GRANTED**, and it is further

**ORDERED, ADJUDGED** and **DECREED** that Pershing Associates is joined to this action as a defendant, substituted for The Oliver Carr Company and The Oliver Carr Company is dismissed from this action.

So ordered.

This ___ day of _____, 2007

_____
The Honorable Richard J. Leon
United States District Judge