IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DJIBY NAM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 07-cv-00257 (RJL) |
| ) | |
| v. ) | |
| ) | |
| THE OLIVER CARR COMPANY, ) | |
| ) | |
| Defendant. ) | |

**THE OLIVER CARR COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO SUBSTITUTE PERSHING ASSOCIATES AS REAL PARTY IN INTEREST**

In his opposition, the Plaintiff provides the court with a tirade about the facts he alleges support his claims. However, OCC's Motion has nothing to do with the merits of Plaintiff's claims. OCC simply seeks to substitute the proper defendant; the entity that actually employed the plaintiff. That is the only issue before the Court.

Contrary to the Plaintiff's meanderings, OCC has not misrepresented any information about this issue to the Court. The Plaintiff ignores in his brief that OCC from the beginning of this litigation has noted that it is a general and limited partner of Pershing Associates ("Pershing"). It has never misrepresented its corporate relationship. However, Pershing is the company that owns and operates the Occidental Restaurant where Plaintiff worked. *See* Patsy Gross' Affidavit, dated February 5, 2007, ¶ 3 (attached to original Motion). Thus, Pershing is the proper defendant in this case.

The Plaintiff clearly does not have personal knowledge of the corporate relationship of Pershing and his place of employment, The Occidental Restaurant. OCC has provided that information. The Plaintiff also incorrectly represents the documentation about this relationship that he has provided to the court.

2

The Plaintiff argues in his opposition that during his employment he has only dealt with OCC and never with Pershing. However, in Exhibit A to his opposition, Pershing is clearly noted. In Exhibit C, the Plaintiff's own letter to Ms. Gross, the Plaintiff addresses the letter to Pershing, as well as OCC. Also, in Exhibit 1 to the Plaintiff's Arguments in Opposition to the OCC's Motion to Dismiss, filed February 26, 2007, Pershing is clearly indicated as a party involved in the administrative stage of this matter. Exhibit 3 and Tab 1 of that same filing makes references to Pershing as well. Thus, the Plaintiff's representations that Pershing was not involved in his employment is not supported by his documentation, and OCC has clarified the relationship. OCC, not the Plaintiff, has the information regarding its business relationship with Pershing and the employment relationship between the Plaintiff and Pershing. OCC never employed the Plaintiff. OCC has sworn to those facts in its affidavit. All of this evidence supports the substitution of defendants in this case.

WHEREFORE, OCC respectfully requests this Court substitute the real party in interest in this case, Pershing, and dismiss OCC, pursuant to Fed. R. Civ. P. 17.

>Respectfully submitted,
>
>THE OLIVER CARR COMPANY
>
>
>By:    /s/ Scot A. Hinshaw
>            Counsel

Susan F. Wiltsie, Esq. (Bar No. 429625)
Scot A. Hinshaw, Esq. (Bar No. 449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 955-1500
(202) 778-2201 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2007, the foregoing The Oliver Carr Company's Reply In Support of Its Motion To Substitute Pershing Associates As Real Party In Interest was served by first-class, postage prepaid mail:

>Djiby Nam
>P.O. Box 75669
>Washington, DC 20013


       /s/ Scot A. Hinshaw