IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DJIBY NAM,

    Plaintiff,

v.                                                                          Civil Action No. 07-CV-00257 (RJL)

THE OLIVER CARR COMPANY,

    Defendant.

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff Djiby Nam PRO SE submits the following initial disclosures.

**I.     Persons Likely to Have Discoverable Information**

The following persons have discoverable information that the Plaintiff will use to support his case:

- Keith Heymauer, a General Manager at The Occidental Restaurant during Plaintiff's employment. Mr. Heymauer has knowledge of The Occidental Restaurant's policies and procedures regarding seniority, scheduling, seating arrangement, station assignment, banquet promotion, and dealing with employees' complaint of discrimination in the work place. Mr. Heymauer has knowledge of Plaintiff's record of subordination and performance abilities, devoid of any type of problem.

- Jim Banello, a General Manager at The Occidental Restaurant during Plaintiff's employment. Mr. Banello has knowledge of The Occidental Restaurant's policies and procedures regarding seniority, scheduling, seating arrangement, station assignment, banquet promotion, and dealing with

RECEIVED
AUG - 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

- employees' complaint of discrimination in the work place. Mr. Banello has knowledge of Plaintiff's record of subordination and performance abilities, devoid of any type of problem.

- Sara Pratt, a General Manager at The Occidental Restaurant during Plaintiff's employment. Miss Pratt has knowledge of The Occidental Restaurant's policies and procedures regarding seniority, scheduling, seating arrangement, station assignment, banquet promotion, and dealing with employees' complaint of discrimination in the work place. Miss Pratt has knowledge of Plaintiff's record of subordination and performance abilities, devoid of any type of problem.

- Lucy Daswell, a Pastry Chef at the Occidental Restaurant during Plaintiff's employment. Miss Daswell has knowledge regarding the Plaintiff's discriminatory treatment at the Occidental Restaurant. She also has knowledge of the Occidental Restaurant's discriminatory practices against its seniors' staff.

- Richard "Dick" Carr, President of The Oliver Carr Company. Mr. Carr Hired Kathy Kain as the General Manager at the Occidental Restaurant during Plaintiff's employment. He has knowledge regarding Plaintiff's employment, harassment and discriminatory treatment. Mr. Carr has also knowledge of the Occidental Restaurant's policies and procedures regarding promotions and reporting discrimination in the workplace. His testimony is necessary to show the court that The Oliver Carr Company and its officers failed at every turn to

stop Plaintiff's mistreatment in the workplace by either turning down - or simply ignoring his many pleas for help.

- Patsy J. Gross, Controller and Treasurer of the Oliver Carr Company, also served as Human Resource Director at the Occidental Restaurant during Plaintiff's employment. She investigated Plaintiff's complaint and thus has knowledge regarding Plaintiff's employment, harassment and discriminatory treatment. She has also knowledge of the Occidental Restaurant's policies and procedures regarding promotions and reporting discrimination in the workplace. Her testimony is necessary to show the court that The Oliver Carr Company and its officers failed at every turn to stop Plaintiff's mistreatment in the workplace by either turning down - or simply ignoring his many pleas for help.

- Angela D. O'Grady, an OCC's Vice President, also served as Asset Manager at the Occidental Restaurant during Plaintiff's employment. She responded for the Oliver Carr Company to Plaintiff's complaint and declined to investigate "any further," and thus has knowledge regarding Plaintiff's employment, harassment and discriminatory treatment. She has also knowledge of the Occidental Restaurant's policies and procedures regarding promotions and reporting discrimination in the workplace. Her testimony is necessary to show the court that The Oliver Carr Company and its officers failed at every turn to stop Plaintiff's mistreatment in the workplace by either turning down - or simply ignoring his many pleas for help.

- Djiby Nam, the Plaintiff. Mr. Nam has knowledge about the illegitimate, discriminatory and retaliatory actions taken against him by his employer, the Occidental Restaurant. Mr. Nam has evidences to prove his job qualification, performances abilities, and customer's satisfaction record. Mr. Nam has also knowledge of the Occidental Restaurant's policies and procedures regarding promotions and reporting discrimination in the workplace.

- Loren Copsey, an employee at the Occidental Restaurant during Plaintiff's employment. Mr. Copsey has knowledge regarding the Plaintiff's discriminatory and retaliatory treatment at the Occidental Restaurant. He also has knowledge of The Occidental Restaurant's policies and procedures regarding alleged discrimination in the workplace.

- Each witness identified by the Defendant.

**II.     Documents, Data Compilations and Tangible Things**

- Documents relevant to employees of the Occidental Restaurant who has accumulated 3 (three) write-ups but have not been terminated. This document is necessary to allow Plaintiff to prove cases of preferential treatment and/or conflict of interest in the work place at the Occidental Restaurant.

- Documents relevant to employees of the Occidental Restaurant who has been late 3 (three) times or more but have not been written up or terminated. This document is necessary to allow Plaintiff to prove cases of preferential treatment and/or conflict of interest in the work place at the Occidental Restaurant.

- Documents relevant to employees of the Occidental Restaurant who had been terminated and then rehired. This document is necessary to Allow Plaintiff to prove cases of preferential treatment and/or conflict of interest in the work place at the Occidental Restaurant.

- Documents of employees of the Occidental Restaurant who have reported to work intoxicated or under the influence, an automatic termination offense, but were not written up or terminated. This document is necessary to Allow Plaintiff to prove cases of preferential treatment and/or conflict of interest in the work place at the Occidental Restaurant.

- Documents relevant to employees who have been known to trafficking marijuana, amphetamines, ecstasy and other illegal drugs in the work place at the Occidental Restaurant – an automatic termination offense - but have not been written up or terminated. This document is necessary to allow Plaintiff to (1) show the court the culture of corruption and lawlessness that permeated the work place under Kathy Kain's management – which allowed hostilities against Plaintiff to go unabated for a long period of time - and (2) prove cases of preferential treatment and/or conflict of interest in the work place at the Occidental Restaurant.

- Documents relevant to the discovery of bags of marijuana and E-pills (ecstasy) along with thousands of dollars in the bar area at the Occidental Restaurant. This document is necessary to allow Plaintiff to (1) show the court the culture of corruption and lawlessness that permeated the work place under Kathy Kain's management – which allowed hostilities against Plaintiff to go

unabated for a long period of time - and (2) prove cases of preferential treatment and/or conflict of interest in the work place at the Occidental Restaurant.

- Documents relevant to Plaintiff's claims and The Occidental Restaurant's defenses in the personnel file of Djiby Nam.

- The Occidental Restaurant's policies related to preventing discrimination in the workplace, job performance, promotion, misconduct and termination.

- Documents relevant to The Occidental Restaurant investigation in response to Plaintiff's complaints of harassment, discriminatory and retaliatory in the workplace.

- Documents relevant to Patsy J. Gross's investigation in response to Plaintiff's complaints of harassment, discrimination and retaliation in the workplace.

- Documents relevant to Angela D. Grady's investigation in response to Plaintiff's complaints of harassment, discrimination and retaliation in the workplace.

- Documents in the administrative file of the District of Columbia Office of Human Rights regarding Mr. Nam's charge of discrimination (DCOHR Charge No. 02-127-P(CN)).

These disclosures are based on information reasonably available to the Plaintiff at this time. The Plaintiff reserves the right to amend its initial disclosures as new information becomes available through investigation and discovery.

**THE PLAINTIFF DJIBY NAM**

_____
Djiby Nam, Plaintiff PRO SE

Djiby Nam
P. O. Box 75669
Washington, DC 20013
(202) 841-3792

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August, 2007, the foregoing The Plaintiff's Initial Disclosures were served by certified mail, receipt requested, to:

                              Scot A. Hinshaw
                              HUNTON & WILLIAMS LLP
                              1900 K Street, N.W.
                              Washington, DC 20006

_____
Djiby Nam, Plaintiff PRO SE

Djiby Nam
P. O. Box 75669
Washington, DC 20013
(202) 841-3792